[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO QUASH (#129)
The defendant, Pilgrim Mortgage Corporation (Pilgrim), is seeking to quash a subpoena duces tecum which the plaintiff, Marine Midland Bank (Marine), served on Pilgrim's bank, Chase Manhattan Bank of Connecticut.
The subpoena seeks the production of "documents relating to a checking account in the name of Pilgrim Mortgage Corporation opened in approximately March of 1995: photocopies of all canceled checks, front and back bank statements, documents evidencing the source of any deposits, and signature cards from the date the account was opened to the date of the deposition."
Pilgrim asserts three grounds for quashing this subpoena: (1) the subpoena is overbroad and seeks information which is irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence; (2) the subpoena seeks the CT Page 5986 production of confidential business information and disclosure of this information threatens Pilgrim with harm; and (3) Marine failed to comply with Practice Book § 244(a), now Practice Book (1998 Rev.) § 13-27(a), in that it issued the subpoena in connection with a deposition, but never provided Pilgrim with a deposition notice, and Marine also failed to comply with General Statutes § 36a-43(a) by not serving Pilgrim, as the customer whose records are sought, with a copy of the subpoena.
Marine's complaint alleges that Pilgrim is a sham corporation and is the alter ego of Richard Schlesinger. Marine has represented to the court that it became aware of this Chase account after reviewing a previously sealed file from a New York action against Pilgrim by a different creditor. Marine asserts that the New York file revealed that the Chase account is a successor account to an account Pilgrim had at European American Bank which Schlesinger used to transfer funds among his various enterprises. Pilgrim's bank records, therefore, are relevant to show whether Pilgrim is simply a conduit through which Schlesinger transfers funds, or whether Pilgrim is legitimately a separate corporate entity. This subpoena is not overbroad because it only seeks information about a checking account in Pilgrim's name, unlike the subpoena previously quashed by this court which sought records of all Pilgrim's accounts, including joint accounts. The court finds that the subpoena is not overbroad and seeks to discover relevant information which is reasonably calculated to lead to admissible evidence.
The court rejects Pilgrim's request to quash the subpoena because it seeks confidential information which threatens Pilgrim with harm. The court is aware of the sensitive nature of financial documents, but Pilgrim is free to seek a protective order.
General Statutes § 36-43(a) governs the disclosure of financial records by a financial institution pursuant to legal authority. This statute provides in relevant part: "[A] financial institution shall disclose financial records pursuant to a lawful subpoena . . . served upon it if the party seeking the records causes such subpoena . . . to be served upon the customer whose records are being sought, at least ten days prior to the date on which the records are to be disclosed . . .
In Pilgrim' s motion to quash filed February 20, 1998, Pilgrim states that its counsel received a copy of the subpoena from both Chase and Marine's counsel. Pilgrim contends that this CT Page 5987 procedure is inadequate under § 36a-43(a) because Marine must serve Pilgrim itself. Marine argues that service on Pilgrim itself was not necessary and that service was properly made on Pilgrim' s attorney pursuant to Practice Book §§ 121 and 122, now Practice Book (1998 Rev.) §§ 10-12[1] and 10-13[2]. The court notes that in Pilgrim's reply memorandum filed May 1, 1998, Pilgrim asserts that it received the subpoena from Chase, and therefore, was not technically served pursuant to Practice Book §§ 121 and 122, now Practice Book (1998 Rev.) §§ 10-12
and 10-13. The court accepts the representations made by Pilgrim in the motion to quash, and made by Marine in its opposing papers, that Pilgrim received a copy from Marine. The subpoena was issued as part of discovery in this case. The court finds that because Pilgrim is represented by and has appeared through counsel in this action, service of the subpoena upon Pilgrim's counsel was adequate pursuant to §§ 10-12 and 10-13.
Pilgrim also seeks to quash this subpoena based on Marine's failure to provide them with a deposition notice even though this subpoena was issued in connection with a deposition. Practice Book § 244(a), now Practice Book (1998 Rev.) § 13-27(a) provides in relevant part: "A party who desires to take the deposition of any person upon oral examination shall give reasonable notice in writing to every other party to the action. . . .If a subpoena duces tecum is to be served on the person to be examined, the designation of the materials to be produced as set forth in the subpoena shall be attached to or included in the notice."
In the present case, the subpoena calls for compliance at a deposition to be held on February 25, 1998. Pilgrim's counsel received a copy of the subpoena on February 13, 1998. Pilgrim filed a motion to quash the subpoena on February 20, 1998. Practice Book § 13-27(a) requires reasonable notice. The court does not find that the time within which notice would have been reasonable had already passed by the date Pilgrim filed this motion to quash. The court will not quash the subpoena on this ground.
For all the foregoing reasons, Pilgrim's motion to quash denied.
WILLIAM F. HICKEY, J.